**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| PATRICIA WILLIAMS | § § § | |
| VS. | § § § § | CIVIL NO. 6:19-cv-621
JURY DEMANDED |
| TYLER FORD, LTD. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 621 *et seq*., and 28 U.S.C. § 1331. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by 29 U.S.C. § 621 *et seq*. providing for relief against discrimination on the basis of age in employment.

2.  Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendant is doing business in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

3.  The company has continuously and does now employee more than fifteen (15) persons.

4.  Since at least September 1997, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5.  Within 180 days of the occurrence of the acts of which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff against the company.

6.  On December 11, 2019, Plaintiff received a "Notice of Right to Suit" from the EEOC

regarding this charge of discrimination EEOC #450-2019-04869 and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## PARTIES

7. Plaintiff, Patricia Williams is an individual residing in Henderson, Rusk County, Texas.

8. Defendant, Tyler Ford, Ltd. is a Texas entity located within the boundaries of the Eastern District of Texas, Tyler Division and was Plaintiff's employer in Tyler, Texas at the time the alleged acts occurred. Defendant may be served through its registered agent, J. Michael Alexander, 3812 N. Hall Street, Dallas, Texas 75219.

## FACTUAL BACKGROUND

9. Plaintiff had worked for Tyler Ford since July 2001. Plaintiff was terminated in April 2019. Plaintiff's date of birth is May 1, 1944 and Plaintiff was 75 years old when she was terminated.

10. Plaintiff worked directly for one of the three owners of the company, David Irwin, who was the general manager of the Tyler Ford dealership. The majority owner is David Capps. Capps and Irwin were very good friends, talking almost every day, going on trips together, sometimes taking their wives. Plaintiff believes that Mr. Capps trusted Mr. Irwin with everything.

11. Mr. Irwin passed away unexpectedly on October 31, 2018 and Mr. Capps came to Tyler to take over the Tyler Ford dealership. Sometime between November and early December 2018 Plaintiff went to Mr. Capps and told him of a situation Plaintiff felt he needed to know. Plaintiff always opened the mail and would give Mr. Irwin his company VISA statement for him to advise her what to post to the correct expense account. Irwin started (not sure exactly when, probably about two or three years ago) giving back to Plaintiff with a statement typed out from him with large amounts charged to advertisement. At first, Plaintiff did not notice and when Plaintiff did notice the amount of advertisement charges, Irwin said "just post it". Plaintiff did as Plaintiff was told, as he was her boss. He could and would have fired her had Plaintiff refused. However, Mr. Capps put the blame on her

rather than Mr. Irwin.

12.     In mid-March, Mr. Capps called Plaintiff into his office. When Plaintiff went in, he had with him, Aaron Vader, Computer Administrator. He said he was concerned about Plaintiff's health because Plaintiff had heart surgery. Plaintiff had an Aorta Valve replaced in April 2013 and breast cancer surgery in 2018. Plaintiff had surgery one day and was back the next day. Plaintiff was supposed to be off work six weeks with the heart surgery, and Plaintiff was back to work in less than four weeks. Plaintiff went in each morning and was at work by 9am with her Cancer treatment, which Plaintiff explained to them. Mr. Capps then told her that she would have a job as long as Plaintiff wanted or as long as Plaintiff stayed healthy. At that time, he said Lia Minick, her payroll Administrator would be the next Office Manager, her future replacement. Plaintiff told him that she had no accounting experience and he said fine he would send her to school.

13.     About a week before Plaintiff was let go, Mr. Capps called Lori Ozment, Lia Minick and herself into his office. Mr. Capps told Plaintiff that he wanted her to train both Ms. Ozment and Ms. Minick to do her job. Lia Minick would be the next Office Manager (even though Ms. Ozment has a master's in accounting and the reason Mr. Irwin had hired her for Plaintiff was to eventually train for Plaintiff's job). So, Plaintiff started training both of them.

14.     In Plaintiff's last meeting with Mr. Capps, he called Ms. Ozment and herself into his office. When they got into his office, Danny Smith was with him. Mr. Capps told both to sit down. He turned to Ms. Ozment and told her he was firing her immediately with cause, because she was behind in her bank statements. Mr. Capps turned to Plaintiff and said he was firing her, with cause because she was "complacent" with dealing with Mr. Irwin. He told both ladies that we were to go to the office and get their purses and nothing else. Tyler Ford would bring them their personal belongings, which they did 10 days later. Then they followed both ladies to the office to get their purses, then

followed them out of the building.

15. Plaintiff was replaced by Lia Minick, who is approximately 40 years old. Plaintiff believes that her termination was because of her age in violation of the Age Discrimination in Employment Act.

### FIRST CLAIM FOR RELIEF
### ADEA - 29 U.S.C. § 621 *et seq*.

16. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 15.

17. Plaintiff believes and alleges that her termination was not justified under the facts and circumstances and therefore a pretext for age discrimination.

18. Prior to her termination, she had not been the subject of any adverse action based upon her job performance.

19. Plaintiff believes and therefore alleges, that her demotion was age discrimination since she was replaced with someone significantly younger. As for her termination, Plaintiff believes and therefore alleges that her termination is inequitable treatment based upon her age.

20. Plaintiff is informed and believes and therefore alleges that Defendant replaced her in the position, which she formerly held with Defendant with a younger employee.

21. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

22. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by <u>inter alia</u>:

(a) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees;

(b) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees; and

23. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover double damages.

## DAMAGES

24. Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

25. Plaintiff would show that Defendant intentionally violated the ADEA and is therefore liable to Plaintiff for liquidated damages.

26. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

27. Plaintiff demands a trial by jury with respect to all issues triable as of right by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

(a) Requiring that Defendant pay over to Plaintiff the monetary damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back pay and front pay, with interest, and additional amount as liquidated damages;

(b) Requiring that Defendant pay to Plaintiff her attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF